**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTENE COUSENS, as Administrator of the ESTATE OF JOHN L. WITHERS, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA CORPORATION; and DOES 1-20, inclusive,<br><br>  Defendants. | Case No. 2:20-cv-10003-SPG-JPR<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 78]** |

Before the Court is Defendant Transamerica Life Insurance Company's ("Defendant") Motion for Summary Judgment. (ECF No. 78 ("Motion" or "MSJ")). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND[1]

On September 15, 1977, Defendant's predecessor issued a life insurance policy to John L. Withers, Jr. ("Withers"). (JAF at 2). Between 1977 and 2019, Withers paid the policy premiums without apparent issue. On July 15, 2019, however, Defendant sent a grace period notice to Withers indicating that the Policy would lapse on August 15, 2019, if no payment was received. (ECF No. 63-2 (Joint Appendix of Facts) at 28–29). The parties dispute whether Withers timely sent his premium payment following receipt of Defendant's grace period notice; as this Court previously ruled, "the question of whether the check was mailed is a genuine dispute of fact that is not appropriate for resolution on summary judgment." *Cousens v. Transamerica Life Ins. Co.*, No. 220CV10003SPGJPR, 2023 WL 3564936, at *3–*5 (C.D. Cal. Apr. 18, 2023). Not in dispute is that on August 15, 2019, Defendant declared Withers's policy lapsed. (ECF No. 63-2 at 13). Although Withers requested reinstatement on September 24, 2019, Defendant discovered Withers had stage III pancreatic cancer and for that reason denied his reinstatement application. (*Id.* at 17–20).

Withers commenced this action in the Superior Court of Los Angeles County, California, on September 25, 2020. (ECF No. 1-1). On October 30, 2020, Defendant and Transamerica Corporation ("TC"), which has since been dismissed from this action, removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). On December 24, 2020, Withers passed away. (JAF at 2). Defendant refused

---

[1] The following summarized facts are uncontroverted unless otherwise stated. *See* (ECF No. 78-2 (Joint Appendix of Facts, "JAF")). When determining a motion for summary judgment, the Court considers only evidence admissible at trial, though the form may differ at the summary judgment stage. *Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016). The Court has reviewed the entire record, including the parties' JAF, objections, and evidence. The Court discusses only the facts that are relevant to its decision. To the extent the Court relies on evidence that is subject to an objection, the Court overrules the objection. To the extent the Court does not rely on evidence objected to by the parties, the objections are overruled as moot.

to pay Withers's death benefit on notification of his death (*id.* at 11), and Elizabeth Cousens ("Plaintiff"), Withers's daughter and representative of his estate, substituted in as Plaintiff (*id.* at 3).

On January 25, 2022, Plaintiff filed the operative Second Amended Complaint ("SAC"), bringing five causes of action: (1) fraud—intentional misrepresentation; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of contract; (4) financial elder abuse; and (5) unfair competition under California Business and Professions Code Section 17200. (ECF No. 44). On February 13, 2023, Defendant and TC jointly moved for summary judgment on Plaintiff's SAC. (ECF No. 63-1). After a hearing, the Court dismissed TC from the case and granted Defendant summary judgment as to Plaintiff's First, Second, Fourth, and Fifth Causes of Action, leaving Plaintiff's Third Cause of Action, breach of contract, as her sole viable claim. (ECF No. 72).

Following the Court's April 18, 2023 ruling, Defendant decided to pay Withers's full death benefit plus interest. (JAF at 6). The full value of Withers's death benefit was $175,000, and the policy provided for an interest rate of at least 2.5% for lump sum payments. (JAF at 6–7; Joint Appendix of Evidence "JAE" Tab 2). On July 5, 2023, Defendant sent Plaintiff's counsel via overnight mail a check for $175,000 plus an additional $11,087.33, the total interest due from the date of Withers's death to July 7, 2023, the date after Plaintiff's counsel received the check. (JAF at 7–8; JAE Tab 5).

On October 26, 2023, Defendant filed this Motion, seeking to dismiss Plaintiff's remaining breach of contract claim. (ECF No. 78). Defendant filed a reply brief in further support of its Motion on November 2, 2023. (ECF No. 80 ("Reply")).

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012). A dispute over a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of establishing the absence of any genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007).

To meet its burden, "[t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that generic disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)). No genuine issue for trial exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Id.*

### III.   DISCUSSION

Defendant moves for summary judgment on Plaintiff's sole remaining claim for breach of contract, contending that its July 5, 2023 payment nullifies Plaintiff's claimed damages. (MSJ at 6). Although Plaintiff disputes Defendant's characterizations of the communications concerning the payment, Plaintiff does not deny that Defendant paid the $175,000 death benefit, as well as $11,087.33 in interest. (JAF at 6–9). Instead, Plaintiff argues that "[t]he payment of the policy benefits does not extinguish breach of contract and covenant which relies on it" and that "[m]oney paid and the payment are not the sole issues on this motion." (MSJ at 16). Plaintiff also appears to suggest she is entitled to attorneys' fees as a form of expectation damages. (*Id.* at 15).

Defendant contends, and Plaintiff does not dispute, that California law governs Withers's policy. (*Id.* at 12, 15). Under California law, to state a claim for breach of contract, Plaintiff must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). The central issue in this Motion is the fourth requirement: damages.

Under the California Insurance Code, where an action alleges breach of a life insurance contract, "the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Cal. Ins. Code § 10111. "[W]hen the proceeds of, or payments under, a life insurance policy become payable and the insurer makes payment thereof in accordance with the terms of the policy, . . . that payment shall fully discharge the insurer from all claims under the policy . . . ." Cal. Ins. Code § 10172. The California Civil Code further provides that "[t]he detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." Cal. Civ. Code § 3302.

As a result, an insurer's payment of a death benefit and all contractually required interest defeats a claim for breach of contract. *See US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. CV123046RGKMRWX, 2012 WL 12895839, at *1–*2 (C.D. Cal. Nov. 29, 2012). This rule holds even where an insurer pays the death benefit only after the claimant initiates suit. *See, e.g., id.* (even assuming breach occurred, where "Defendant paid the death benefits plus the contractually agreed upon interest of three percent in full" after the lawsuit was filed, "Plaintiff has not suffered any contractual damages"); *Trapana v. Prudential Ins. Co. of Am.*, No. D038617, 2002 WL 505764, at *4 (Cal. Ct. App. Apr. 4, 2002) (where insurer "satisfied any contractual monetary obligation it owed" plaintiff through payment postdating lawsuit, plaintiff "no longer had any contract claims against [insurer]"). *Cf. Hood v. Hartford Life & Acc. Ins. Co.*, No. CIVS0701634FCDEFB, 2008 WL 5101584, at *7 (E.D. Cal. Dec. 2, 2008) (granting summary judgment on breach of disability insurance contract claim because "plaintiff was made whole when . . . defendant

pa[id] plaintiff the full amounts owed to her under the policy, including interest"); *Maxwell v. Fire Ins. Exch.*, 70 Cal. Rptr. 2d 866, 868 (Cal. Ct. App. 1998) (affirming dismissal of breach of contract claim by personal injury plaintiff against defendants' insurers where "all sums due under the judgment, including interest, have been paid in full" and plaintiff's only other claimed damages were "not recoverable on a theory of breach of contract").

Here, Plaintiff concedes that Defendant paid Withers's full death benefit—$175,000—as well as $11,087.33 in interest, calculated using the policy's provision for 2.5% interest. (MSJ at 9). This sum is all Plaintiff would be entitled to under the policy. Although Plaintiff suggests it should receive attorneys' fees (*id.* at 15), this contention lacks support under California law. "California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." *Trope v. Katz*, 902 P.2d 259, 262 (Cal. 1995). Although parties may "'contract out' of the American rule by executing" an agreement "that allocates attorney fees," *id.* at 263, Plaintiff has not identified any such provision, and a review of Withers's policy does not reveal any fee shifting agreement.[2] As a result, Plaintiff's claim for "[e]xpectation damages" in the form of attorneys' fees, (MSJ at 15), fails as a matter of law.

Plaintiff also contends that "if the [C]ourt dismisses the breach of contract [claim], and that is interpreted as preempting plaintiff's ability to challenge on appeal the breach of covenant, that will result in insurmountable prejudice to plaintiff." (MSJ at 18). As Defendant recognizes (Reply at 7), the Court's dismissal of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing rested on grounds independent of any alleged breach of contract. *Cousens*, 2023 WL 3564936, at *5–*6 (dismissing Plaintiff's claim on the grounds that the Court "cannot find, based on the evidence presented, that Defendant acted unreasonably and in bad faith in its interpretation of the contract

---

[2] California also recognizes limited statutory and equitable exceptions to the American rule, none of which apply here. *Id.* at 262–63.

language," and that "seeking medical information where an insured is advanced in age is not unreasonable, arbitrary, or capricious").  This argument is also a non-sequitur—claims for breach of contract and breach of the implied covenant of good faith and fair dealing are subject to different standards.  *See, e.g., id.* at \*3, \*5; *Hood*, 2008 WL 5101584, at \*13 (dismissing plaintiff's breach of contract claim while denying summary judgment on breach of implied covenant claim).  In any event, not surprisingly, Plaintiff does not cite any caselaw in support of her contention that summary judgment should not be granted as to her breach of contract claim because doing so would purportedly prejudice a previously dismissed claim.  Summary judgment is inherently prejudicial, but it is nevertheless warranted "upon proper showings of the lack of a genuine, triable issue of material fact.  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole . . . ."  *Celotex*, 477 U.S. at 327.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

DATED: January 19, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE